IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kenneth Rivera, )<br>)<br>    Plaintiff, )<br>) Civil Action No.: 8:12-cv-00233-JMC<br>)<br>        v. ) **ORDER AND OPINION**<br>)<br>Sergeant C. Long, Sergeant Jamie Belue, )<br>C.O. M. Gollach, Sheila Boyd, and Warden )<br>Robert Stevenson, )<br>)<br>    Defendants. )<br>_____) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 99], filed on February 1, 2013, recommending that Defendants' Motion for Summary Judgment [Dkt. No. 69] be granted. Plaintiff, Kenneth Rivera ("Plaintiff"), is a state prisoner, previously incarcerated at the Broad River Correctional Institution ("Broad River") and currently incarcerated at the Perry Correctional Institution ("PCI"). Plaintiff brought his action *pro se* pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights when they confiscated reading materials, legal mail, personal mail and other materials from his prison cell. Plaintiff also requested an injunction to prevent prison officials from further searches and seizures of his personal and legal mail. The Report sets forth in detail the relevant facts and legal standards on this matter, which the court incorporates herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for

1

the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff timely filed Objections to the Magistrate Judge's Report and Recommendation. [Dkt. No. 101]. Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Most of Plaintiff's objections are stated in the form of quotations from court decisions. He provides little or no elaboration, requiring the court to glean his arguments from the specific sections of case law to which he cites. While the court must liberally construe a *pro se* plaintiff's claims, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the court is not required to construct complainant's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

Plaintiff's clearest objection involves the Magistrate Judge's ruling on the items confiscated from his cell. Plaintiff provides a list of the items taken from his cell, which appear to be books, pamphlets, personal writings and letters, and asserts that the prison has violated his First and Fourth Amendment rights by confiscating these items.[1] Restrictive prison regulations

---

[1] The Magistrate Judge's Report focused primarily on the issue of when and whether Prison officials could open, inspect and confiscate Plaintiff's mail. The Magistrate Judge found that Plaintiff had not alleged any injury in having his mail opened and seized such that he could state

2

that impinge on a prisoner's constitutional rights are permissible if they are "'reasonably related' to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 87 (1987). Furthermore, courts must "accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003). In this case, Plaintiff has acknowledged that at least some of the materials taken from his cell were related to Plaintiff's affiliation with a security threat group ("STG"). It is not for this court to determine which of the items in Plaintiff's list may or may not be STG materials. Prison officials are in a better position to determine whether the confiscated items are related to STG activity.

Plaintiff also contends that the seizure of items from his cell constitutes a Fourth Amendment violation. However, as the Magistrate Judge noted, a prisoner's Fourth Amendment rights are extremely limited by the prison's legitimate institutional interests in maintaining safety within the prison. *See Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984). Given Plaintiff's designation as a member of a security threat group, Defendants were within their authority to search and seize items it believed were related to his STG affiliation. One of Plaintiff's citations seems to suggest that he believes that the search and seizure of his cell was undertaken to harass him. However, he presents no evidence supporting this allegation.

Plaintiff reasserts his claims that prison officials are intentionally obstructing his attempts to file grievances. The Magistrate Judge adequately addressed this claim noting that even if Plaintiff's bare allegations are true, he has no civil rights cause of action since there is no

---

a claim for a constitutional violation. In his objections, Plaintiff focuses on the books and personal papers, rather than the legal papers, that were confiscated from his cell.

constitutional right to participate in grievance proceedings. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).

Plaintiff's objections regarding summary judgment and qualified immunity are merely quotations from case law stating elements of these legal doctrines. The case law cited does not alert the court to specific objections to the Magistrate Judge's Report. As a result, the court finds these objections are non-specific and unrelated to the dispositive portions of the Magistrate Judge's Report.

Finally, Plaintiff objects to the Magistrate Judge's finding that his request for injunctive relief is now moot since he is no longer incarcerated at Broad River. Specifically, Plaintiff claims that his request is not moot because he has been subject to similar searches and seizures at PCI. " [A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009). Plaintiff cites to *Grosshuesch v. Cramer*, 377 S.C. 12, 27, 659 S.E.2d 112, 120 (2008), for the proposition that an injunction can be "binding upon the parties to an action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order." [2] Objections to the Magistrate Judge's Report and Recommendation [Dkt. No. 101, at 3]. No person at PCI is a party to this action nor does Plaintiff provide any evidence that persons at PCI are acting in concert with the named parties at Broad River to violate Plaintiff's constitutional rights. Therefore, the Magistrate Judge was correct in finding Plaintiff's request for an injunction is moot.

---

[2] *Grosshuesch* summarizes Rule 65(d) of the South Carolina Rules of Civil Procedure, which is substantially similar to Rule 65 (d) of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply in this case.

For the foregoing reasons, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Dkt. No. 99] and **GRANTS** Defendants' Motion for Summary Judgment [Dkt. No. 69].

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Court Judge

March 6, 2013
Greenville, South Carolina

5